IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § Cr. No. H-03-436-10 |
| v. | § Civ. No. H-07-1247 |
| | § |
| OLABODE TIMOTHY ARANSIOLA | § |

**RESPONSE TO 28 U.S.C. § 2255 MOTION
AND MOTION TO DISMISS**

The United States of America, by the United States Attorney for the Southern District of Texas, respectfully responds to Aransiola's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and moves for dismissal.

**I. Procedural History**

On April 6, 2004, a multi-count superseding indictment charged Aransiola, and ten codefendants with drug offenses (Doc. 97). On June 25, 2004, the jury found Aransiola guilty of counts one and two: (1) conspiracy to import one kilogram or more of a substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 952(a), 960(a), (b)(1)(A), and 963; (2) conspiracy to possess with intent to distribute one kilogram or more of a substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and 846 (Doc. 177).

On January 31, 2005, the court sentenced Aransiola to 360 months in prison, followed by five years of supervised release (Doc. 278). The court imposed a $200 special assessment, but no fine (Doc. 278).

On April 11, 2006, the U.S. Court of Appeals for the Fifth Circuit affirmed the conviction and sentence (Docs. 395, 397). *See United States v. Aransiola*, No. 05-20125, 176 Fed. Appx. 473 (5th Cir. Apr. 11, 2006) (unpublished). On October 2, 2006, the U.S. Supreme Court denied Aransiola's petition for writ of certiorari, *see Aransiola v. United States*, 127 S. Ct. 224 (2006) (No. 06-5212), and the conviction became final, *see Clay v. United States*, 537 U.S. 522, 527 (2003). Aransiola had one year from when his conviction became final to file a § 2255 motion, or by October 2, 2007. *See* 28 U.S.C. § 2255(1).

In a *pro se* pleading signed on May 22, 2006,[1] Aransiola asked this court to send him copies of the pleadings and transcripts to assist in the preparation of his § 2255 motion (Doc. 399). He claimed that trial defense counsel possessed a copy of the record and transcripts, but had not provided him with access to them (Doc. 399). On June 9, 2006, the court apparently denied the motion (Doc. 400).[2]

In a *pro se* § 2255 motion, postmarked on March 30, 2007, Aransiola raises three grounds for relief: (1) he was erroneously sentenced under mandatory U.S. Sentencing Guidelines; (2) he received ineffective assistance of counsel on direct appeal; and (3) the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the Sentencing Guidelines unconstitutional (Doc. 409). Each ground referred to a supporting memorandum (Doc. 410). On April 16, 2007, the

---

[1] Because Aransiola is incarcerated, his *pro se* pleadings are deemed filed on the date he gave them to prison officials for mailing. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)). Absent any evidence to the contrary from prison logs or other records, this Court should presume that Aransiola delivered his *pro se* pleadings to prison officials on the date that he signed them. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] The order is not available on PACER, as the scanned document for entry 400 is actually Aransiola's *pro se* request for transcripts.

2

court ordered the United States to respond to the § 2255 motion by July 24, 2007 (Doc. 411). This is the response.

## II. Standards of Review

A.     Cause and Prejudice

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citations and internal quotations omitted). If the claims were not raised in the district court or on appeal, the movant must show cause for his failure to raise his claims on direct appeal and actual prejudice or actual innocence. *Id.* at 622; *United States v. Frady*, 456 U.S. 152, 167-68 (1982). To prove cause, the movant must show some external impediment that prevented him from raising his claims. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Even if an objection was futile because the law was settled against the defendant, "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)).

To prove prejudice, the movant must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. In establishing prejudice on collateral review, the movant must "clear a significantly higher hurdle" than the plain-error standard of review that would apply on direct appeal. *Id.* at 166. Even under plain-error review, courts exercise their power to correct error sparingly; a court exercises its discretion to correct plain error "only if it seriously affect[s] the fairness, integrity, or public reputation of judicial

3

proceedings." *Jones v. United States*, 527 U.S. 373, 389 (1999) (internal quotation marks and citation omitted).

B.      Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the movant must show that his lawyer's performance fell below an objective standard of reasonableness, and that such deficient performance was actually prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285, 289 (2000) (the *Strickland* standard applies to a claim of ineffective assistance of counsel on appeal). A failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Strickland*, 466 U.S. at 687.

To prove deficiency, the movant must prove that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Courts "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case viewed as of the time of counsel's conduct." *Id.* at 690. That is, counsel's conduct is evaluated "from counsel's perspective at the time." *Id.* at 689. A "strong presumption" exists that counsel's performance "falls within the wide range of reasonable professional assistance." *Id.*

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The movant must show that counsel's deficient performance "actually had an adverse effect on the defense;" he must show actual prejudice. *Id.* at 693. To prove prejudice, the movant must show that "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Id.* at 687. He "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### III. The Sentencing Claims

Aransiola's first and third grounds for relief are sentencing claims. In his first ground for relief, Aransiola contends he was sentenced under mandatory Sentencing Guidelines, in violation of *United States v. Booker*, 543 U.S. 220 (2005). He complains of a six-level increase from his base offense level, which he suggests violated *Booker*. In his third ground for relief, Aransiola contends *Booker* should be overruled to the extent that it does not require prosecutors to treat sentencing factors like elements of the offense.[3]

The first and third grounds for relief fail for procedural reasons. Sentencing issues are not cognizable in a § 2255 motion because they can be raised on direct appeal. *See, e.g., United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Indeed, Aransiola raised a *Booker* issue on direct appeal (Attachment ##1-2),[4] but the Fifth Circuit summarily rejected it (Docs. 395, 397). Issues raised and rejected on direct appeal cannot be raised in a § 2255 motion. *See, e.g., United States v.*

---

[3] To the extent that Aransiola asks this Court to overrule or disregard portions of *Booker*, this Court lacks the authority to do so. *See, e.g., Hohn v. United States*, 524 U.S. 236, 252-53 (1998) ("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing validity."); *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

[4] Attachment #1 is an excerpt from the government's brief, pp. 68-74, in *United States v. Aransiola*, No. 05-20125, 176 Fed. Appx. 473 (5th Cir. Apr. 11, 2006) (unpublished). Attachment #2 is an affidavit from appellate defense counsel, Frank Svetlik, dated July 5, 2007, in which Mr. Svetlik summarizes the *Booker* issue that he raised on direct appeal.

5

*Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). In addition, the *Booker* argument fails on the merits, as explained below.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296 (2004), the Court applied *Apprendi*'s holding to invalidate a state sentencing enhancement that increased the sentence beyond the range authorized by the state's statutory sentencing guidelines. The Court held the relevant maximum "for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303 (emphasis in original). Because the facts supporting the enhancement in that case were neither admitted by Blakely nor found by a jury, the sentence violated the Sixth Amendment right to trial by jury. *Id.* at 303-05. The Court stressed that the constitutionality of the U.S. Sentencing Guidelines and *Apprendi*'s application to the Guidelines were not at issue. *Id.* at 305 n.9.

In *Booker*, the Court, in a majority opinion by Justice Stevens, held the reasoning of *Apprendi* and *Blakely* applies to the U.S. Sentencing Guidelines. The Court reaffirmed its holding in *Apprendi*, and held that "[a]ny fact (other than a prior conviction) that is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. The Court held that the mandatory nature of the Guidelines combined with judicial factfinding implicates the Sixth Amendment. *Id.* at 230-33.

As a remedy, the Court, in a separate majority opinion by Justice Breyer, excised provisions in two federal statutes, 18 U.S.C. § 3553(b)(1) and § 3742(e), that made the Guidelines mandatory, thereby making the Guidelines advisory. *Id.* at 245-46, 259-60. Justice Breyer's opinion excised that portion of § 3553(b)(1) that required sentencing courts to impose a sentence within the applicable Guidelines range absent a departure, and that portion of § 3742(e) that required *de novo* review of departures. *Id.* at 258-60. Now, sentencing courts must consider the Guidelines, which are advisory, and sentence according to the factors set forth in 18 U.S.C. § 3553(a); appellate courts review the sentence to determine whether it was reasonable in light of § 3553(a)'s factors. *Id.* at 260-65.

"If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment." *Id.* at 233. The Court "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." *Id.* "For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.*

Aransiola was sentenced under the 2004 edition of the U.S. Sentencing Guidelines ("USSG") ( PSR ¶ 51). The PSR held him responsible for 25 kilograms of heroin and recommended a base offense level of 36 (PSR ¶ 52). *See* USSG § 2D1.1(c)(2) (at least 10, but less than 30 kilograms of heroin is offense level 36). The PSR recommended a four-level increase because Aransiola was an organizer or leader in the offense (PSR ¶ 55). *See* USSG § 3B1.1(a). The PSR also recommended a two-level increase because Aransiola used a minor in the offense (PSR ¶ 56). *See* USSG § 3B1.4.

Aransiola's total offense level was 42, his criminal history category was I, and his guideline range was 360 months to life (PSR ¶¶ 62, 65, 88).

On December 29, 2004, defense counsel filed PSR objections under *Blakely* to the guideline increases for drug quantity, organizer/leader, and use of a minor because those facts had not been alleged in the indictment or found beyond a reasonable doubt by the jury (Doc. 231). *Booker* was decided on January 12, 2005.

At sentencing on January 31, 2005, the court explicitly acknowledged *Booker* and the advisory nature of the guidelines, but noted the court still had to consider the Guidelines and could tailor a sentence in light of other statutory concerns (Sent. Tr., at 3). The court stated that in addition to the guideline factors, it would rely on the factors set forth in 18 U.S.C. § 3553(a) to fashion the appropriate sentence (Sent. Tr., at 4). The court further stated that it would give considerable weight to the applicable guideline range, but "[a]ny wording or comments by this court that the Guidelines are anything more than advisory is unintended" (Sent. Tr., at 4). The judge continued: "I view the Guidelines as advisory. They are not mandatory, and any comments that I may make should not be construed to the contrary" (Sent. Tr., at 4). The court stated it would make its sentencing findings by a preponderance of the evidence, which "is the only logical interpretation of [Justice Breyer's] remedies opinion in *Booker*" (Sent. Tr., at 5, 38-39). The court noted the *Blakely* objections were moot after *Booker* and overruled the objections (Sent. Tr., at 38-39).

The court determined Aransiola's guideline range to be 360 months to life (Sent. Tr., at 45-46). The court was unpersuaded by Aransiola's claims of misidentification (Sent. Tr., at 51). The judge remarked that Aransiola committed "a really serious, serious offense" and it "is the worst drug case I have ever seen" in a decade on the bench (Sent. Tr., at 52-53). *See* 18 U.S.C. § 3553(a)(1),

(a)(2)(A). The court therefore refused to sentence below the advisory guideline range, noting a sentence within the guideline range addressed all of the § 3553(a) factors (Sent. Tr., at 53). The court considered Aransiola's history and characteristics and impoverished background and sentenced him to the bottom of his guideline range, 360 months (Sent. Tr., at 52, 54). *See* 18 U.S.C. § 3553(a)(1).

In summary, Aransiola was sentenced under an advisory guideline system. Any guideline increases, even those found solely by the judge, did not implicate the Sixth Amendment. *Booker* does not apply to this case.

### IV. The Ineffective Assistance of Appellate Counsel Claim

In his second ground for relief, Aransiola contends that appellate defense counsel, Frank Svetlik, rendered ineffective assistance of counsel by inadequately raising the "open and shut *Booker* violation" on appeal (Doc. 410, at 3). As noted, Mr. Svetlik raised a *Booker* issue on direct appeal, but the Fifth Circuit rejected it. As explained *supra*, there was no *Booker* violation because Aransiola was sentenced under advisory Guidelines.

Aransiola further complains that Mr. Svetlik hindered his ability to file his § 2255 motion by not sending requested transcripts and court documents and not advising him of the denial of his petition for writ of certiorari. These claims have nothing to do with alleged ineffective assistance on direct appeal. Aransiola has no right to counsel to assist in the preparation and filing of a § 2255 motion. *See, e.g., United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).[5] At any rate, Mr. Svetlik has submitted an affidavit, dated July 5, 2007, in which he states, *inter alia*, the following: (1) Aransiola never requested the court transcripts; (2) in April 2007, upon receiving notice of

---

[5] There is, however, a statutory right to counsel at an evidentiary hearing on a § 2255 motion. Rule 8(c), Rules Governing § 2255 Proceedings in the U.S. District Courts.

Aransiola's § 2255 allegations, Mr. Svetlik sent Aransiola the transcripts of the pretrial conference, trial, and sentencing; (3) when representing a criminal defendant on appeal, Mr. Svetlik customarily sends that defendant the appellate court's orders and opinions in the case; (4) Mr. Svetlik believes that he followed that custom in this case and sent Aransiola a copy of the Supreme Court's denial of the petition for writ of certiorari "virtually immediately upon receipt of the document"; and (5) in April 2007, upon receiving notice of Aransiola's § 2255 allegations, Mr. Svetlik sent another copy of the denial of the petition for writ of certiorari to Aransiola (Attachment #2). Aransiola has not shown deficient performance or prejudice.

## V. Conclusion

This Court should dismiss with prejudice Aransiola's § 2255 motion. The existing record demonstrates that Aransiola is not entitled to any relief; an evidentiary hearing is therefore unnecessary. *See United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (an evidentiary hearing is unnecessary if the record is "clearly adequate to dispose fairly of the allegations" or the movant's allegations are "inconsistent with his conduct" and he does not offer "detailed and specific facts" on the allegations).

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
United States Attorney

JAMES L. TURNER
Assistant United States Attorney


    /s Renata Gowie
RENATA A. GOWIE
Assistant United States Attorney
Texas Bar No. 08239250
Southern District of Texas No. 17777
P.O. Box 61129
Houston, Texas  77208-1129
(713) 567-9362
(713) 718-3302 (fax)
renata.gowie@usdoj.gov

## CERTIFICATE OF SERVICE

I, Renata A. Gowie, Assistant United States Attorney, certify that on July 19, 2007, a true and correct copy of the response to 28 U.S.C. § 2255 motion and motion to dismiss was mailed via certified mail, return receipt requested, to the *pro se* movant:

Olabode Timothy Aransiola
Reg. No. 21503-424
FCI Pekin
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555


    /s Renata Gowie
RENATA A. GOWIE
Assistant United States Attorney