United States District Court
Southern District of Texas
**ENTERED**
March 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | CRIMINAL NO. 4:03-CR-0436-10 |
| OLABODE TIMOTHY ARANSIOLA | § § § § | |

**MEMORANDUM AND ORDER**

The defendant, Olabode Timothy Aransiola (BOP #21503-424), is presently serving a sentence of 292 months in federal prison that he received as the result of his conviction on drug-trafficking charges. Citing concerns about the COVID-19 pandemic, Aransiola has now filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. # 674]. The government opposes the request, arguing that Aransiola does not meet the criteria for relief [Doc. # 678]. After considering all of the parties' submissions, Aransiola's motion for compassionate release will be denied for the reasons explained below.

**I.   BACKGROUND**

A federal grand jury returned a multi-count superseding indictment against Aransiola and ten co-defendants, charging them with conspiracy to import heroin and conspiracy to possess with intent to distribute heroin as part of a drug-trafficking enterprise [Doc. # 97]. A jury found Aransiola guilty of the charges against him

[Doc. # 177], which were outlined in counts one and two of the superseding indictment [Doc. # 97, at 1-5]. After considering a Presentence Report prepared by the Probation Office, which determined that Aransiola was accountable for approximately 25 kilograms of heroin, the Court sentenced him to serve 360 months' imprisonment [Doc. # 278].

The Fifth Circuit summarily affirmed Aransiola's conviction and sentence in a one-page opinion. *See United States v. Aransiola*, 176 F. App'x 473, 2006 WL 997393 (5th Cir. April 11, 2006) (per curiam)(unpublished). Thereafter, the United States Supreme Court denied Aransiola's petition for a writ of certiorari. *See United States v. Aransiola*, 549 U.S. 902 (2006). On September 27, 2007, this Court denied Aransiola's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 429] and the Fifth Circuit subsequently denied a certificate of appealability [Doc. # 445].

On April 6, 2015, the Court reduced Aransiola's sentence of imprisonment from 360 months to 292 months under an amendment to the United States Sentencing Guidelines [Doc. # 640]. Aransiola is currently serving that sentence in the Federal Bureau of Prisons ("BOP") at the Giles W. Dalby Correctional Institution located in Post, Texas. *See* United States Bureau of Prisons website, available at: https://www.bop.gov/inmateloc/ (last visited March 11, 2021).

On September 14, 2020, Aransiola submitted an administrative request to the

warden at the D. Ray James Correctional Facility in Folkston, Georgia, where Aransiola was confined at that time, seeking compassionate release or release to home confinement due to the COVID-19 pandemic [Doc. # 674, at 11]. On October 13, 2020, the Court received Aransiola's motion for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i), on the grounds that he suffers from Hepatitis B and is at risk of death or serious illness from the COVID-19 virus within the prison environment [Doc. # 674, at 1-4].

## II.   DISCUSSION

### A.   Reductions in Sentence under 18 U.S.C. § 3582(c)(1)(A)

A district court is authorized to modify a term of imprisonment for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239-41 (Dec. 21, 2018), upon motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal," if the court finds that:

  i.   "extraordinary and compelling reasons warrant a reduction;" or

  ii.  the defendant is at least 70 years of age, has served at least 30 years in prison, and "a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community[.]"

18 U.S.C. § 3582(c)(1)(A). It appears that Aransiola complied with the exhaustion

requirement by filing his motion for compassionate release after his administrative request for release was denied [Doc. # 674, at 13].  The Court therefore will consider whether Aransiola warrants relief for the reasons outlined in his motion, which assert that there are "extraordinary and compelling reasons" to grant his release.

Any reduction under § 3582(c)(1)(A) must comply with the applicable policy statement articulated by the United States Sentencing Commission.  *See* U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2018) (reflecting the applicable policy statement on reductions to a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)).  If "extraordinary and compelling reasons" are found to exist, the policy statement found in U.S.S.G. § 1B1.13(2) authorizes early release only if the court finds that the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."  Decisions about whether to grant or deny a motion for compassionate release under § 3582(c)(1)(A) are discretionary, depending on the reviewing court's consideration of the applicable policy statement and other sentencing factors found in 18 U.S.C. § 3553(a).  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

### B. Aransiola is Not Entitled to Relief

The Court has examined all of the pleadings and exhibits provided by Aransiola and concludes that he does not show that extraordinary and compelling reasons are present or that he meets the criteria for compassionate release under 18

U.S.C. § 3582(c)(1)(A)(i). The current policy statement reflects that consideration for release is limited to the following circumstances:

> A. Medical Condition of the Defendant. —
>
> > i. The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > ii. The defendant is —
> >
> > > I. suffering from a serious physical or medical condition,
> > >
> > > II. suffering from a serious functional or cognitive impairment, or
> > >
> > > III. experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> B. Age of the Defendant. — The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> C. Family Circumstances.
>
> > i. The death or incapacitation of the caregiver of the

>> defendant's minor child or minor children.
>
> ii. The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> D. Other Reasons. — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. SENTENCING GUIDELINE MANUAL § 1B1.13, cmt. n. 1 (U.S. Sentencing Comm'n 2018).

In support of his request for relief, Aransiola provides medical records showing that he is 50 years of age and suffers from Hepatitis B [Doc. # 674, at 16, 18]. These records indicate that his liver enzymes are "normal" and that he does not require treatment beyond regular monitoring [*Id.*]. Aransiola does not demonstrate that he is suffering from a terminal illness or that he is over the age of 65 and suffers from a serious condition that substantially diminishes his ability to provide self-care within the correctional setting. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(B). He does not otherwise establish extenuating family circumstances or that other reasons warrant relief. *See id.* § 1B1.13, cmt. n.1(C)-(D). Because Aransiola does not show that he fits within any of the categories found in U.S.S.G. § 1B1.13 cmt. n.1, he fails to establish an extraordinary or compelling basis for compassionate release. *See United States v. Rivas*, 833 F. App'x 556, 558-60 (5th Cir. Nov. 2, 2020) (per

curiam) (discussing the factors in the policy statement found in in U.S.S.G. § 1B1.13 cmt. n.1 (A)-(D) and concluding that the defendant failed to show that any applied).

To the extent that Aransiola expresses concern about contracting COVID-19 while incarcerated, the government has provided information showing that the BOP has taken numerous steps to stop the virus's spread within the prison environment [Doc. # 678, at 1-5]. In addition, publicly available information from the BOP reflects that efforts are underway to vaccinate the prison population and staff. *See* United States Bureau of Prisons website, available at: http://bop.gov/coronavirus (last visited March 11, 2021). This information reflects that there is currently only one reported active case of COVID-19 among the inmate population at the Giles W. Dalby Correctional Institution, where Aransiola is currently confined. *See id.* Aransiola does not allege specific facts showing that he is at serious risk at this facility. The Fifth Circuit has held that fear of COVID-19, standing alone, does not warrant compassionate release. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (observing that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

In addition to the policy statement that governs requests for compassionate

release, the Court has also carefully reviewed the record in this criminal case, which reflects that Aransiola occupied a leadership role in an international drug-trafficking organization. He does not provide evidence or allege facts showing that he "is not a danger to the safety of any other person or to the community," as provided in 18 U.S.C. § 3142(g). A reduction in sentence is not warranted under these circumstances. *See Chambliss*, 948 F.3d at 694 (affirming the denial of compassionate release for an inmate suffering from terminal cancer who had committed a violent offense); *United States v. Barnes*, No. 3:13-cr-38, 2020 WL 5437738, at *2 (S.D. Miss. Sept. 10, 2020) (Compassionate release "is not and does not apply to those who present a danger of . . . harm to the community.").

Aransiola, who originally received a sentence of 360 months' imprisonment, has already been granted a reduction in sentence to 292 months under an amendment to the Sentencing Guidelines [Doc. # 640]. The Court finds that a balance of the sentencing factors found in 18 U.S.C. § 3553(a) do not support a further reduction in sentence because his release would result in a sentence that does not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or deter criminal conduct while protecting the public from further crimes. After considering the entire record in this case and weighing all of the relevant factors, the Court concludes that Aransiola is not entitled to release for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A). Therefore, his motion will be denied.

## III.  CONCLUSION AND ORDER

Accordingly, it is **ORDERED** that motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Olabode Timothy Aransiola [Doc. # 674] is **DENIED**.

The Clerk will provide a copy of this order to the parties of record.

SIGNED at Houston, Texas on __March 12_____, 2021.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE