FROM: 21503424
TO: Forge, Gv
SUBJECT: The Clerk of the Court
DATE: 10/16/2022 05:23:56 PM

United States Courts
Southern District of Texas
FILED

OCT 24 2022

Nathan Ochsner, Clerk of Court

Berlin, October 16th, 2022

The Clerk of the Court
The Judge of this Honorable Court
Honorable Judge F. Atlas

Honorable Judge Mr. Atlas:

May you live long. Amen.

I am writing to correct and make clear as to what my specific requests are in the prose compassionate release motion sent since the 4th of June, 2022 under the First Step Act due to extraordinary and compelling reasons. See Andrews S 480 F. Supp 3d at 677. The Court is free to interpret extraordinary and compelling reason for itself and consider reasons beyond the four categories listed in the policy statement. See also 18 U.S.C. 3582(c)(1)(A). And First Step Act 603(b) to which I am also requesting that an attorney be appointed to help me in this matter, for I can not afford one.

Also the District Court have discretion to consider Petitioner's arguments that intervening changes of the law and fact support motion under First Step Act. See Concepcion v. US, case No. 201650, 2022 US Levis 3070 (June 27, 2022). By Passage of the First Step Act, Congress has determined as a matter of equity and mercy, that if certain conditions are met, a trial Judge using his or her discretion, may treat a discreet number of criminal judgements as alterable. Thus, Congress has determined the cost of modifying these sentences outweighs the need for finality. Accordingly, Courts are not constrained by the Protections traditionally owned of final judgements and may grant the protections or currently existing constitutional standards onto their exercise of that discretion. See Danford v. Minnesota, 552 US 264,271, 128 S. Ct. 1029, 169 L. Ed. 2d 859 (2008) (Declaring a rule nonretroactive does not imply "that the right at issue was not in existence prior to the date the 'new rule' was announced... (the source of a 'new rule' is the constitution itself, not any judicial power to create new rules of law. Accordingly, the underlying right necessarily pre-exists our articulation of the new rule").

My statute of conviction was a covered offense under Federal Criminal Statute and under the First Step Act definition of covered offense. Therefore, I ask the followings:

I ask that my entire Sentencing be vacated because it was erroneously and unconstitutionally imposed in violation of my substantive right First and Sixth Amendment.

(1) The Jury was not required to make a special finding to determine beyond a reasonable doubt that I knew or reasonably should have known that one kilo or more of heroin were involved in the conspiracy import.

(2) The Jury was no required to make a special interrogatory finding that I possess with intent to distribute one kilo or more of heroin nor were there any evidence submitted to the Jury by the Government as prove beyond a reasonable doubt to find that I actually possess and distribute one kilo or more of heroin.

(3) I was erroneously and unconstitutionally subjected to a statutorily enhanced punishment based on the quantity of drugs involved in the conspiracy; a quantity not specified in the charged document, not proved by the Government, nor found by the Jury.

(4) The Jury was not required to find that I was responsible for 15, 10-30 kilograms of heroin, the Government did not prove that I was responsible for them; the Jury did not find me to be responsible for them individually. In fact, there was no evidence of my direct involvement with the quantity of drugs attributed to me erroneously by the Court. So also with the amount involved in the entire conspiracy, one kilo or more, it was improperly attributed to me. Please see United States v. Harnes, 803 F. 3d 713,742 (5th Cir. 2015) Harnes held that for purposes of statutory minimums at sentencing, the relevant quantity is the quantity attributable to the defendant individually."

The factual determination regarding the quantity of the controlled substance can significantly increase the maximum penalty from 20 years under 841(b)(1)(C) to life inprisonment under 841(b)(1)(A) and it can significantly increase the minimum penalty

from 20 years under 841(b)(1)(C) to 10 years under 841(b)(1)(A). Factual determinations that can increase maximum or minimum sentences, other than prior conviction (to which I have none), must be found by Jury beyond a reasonable doubt. And reasonable foreseeability requires a finding separate from a finding that the defendant was a conspirator. The U.S. Court of Appeals for the Fifth Circuit has found error where the District Court increased a statutory minimum in reliance on a conspiracy wide quantity of drugs.

Therefore, Apprendi and Alleyne requires that any fact that enhances a penalty must be submitted to the Jury and proved beyond a reasonable doubt. Please see Apprendi v. New Jersey 560 U.S. 466,490 (2000) Blakely v. Washington, 125 S. Ct 2531 (June 24, 2004) and Alleyne, 570 U.S. at 107). During trial in my case, the Judge instructed the Jury to leave all sentencing issues to her. Jurors were only required to find guilty of two count conspiracy or not. Please see trial transcript.

(5) The Court instead of the Jury erroneously and unconstitutionally found that I was a leader, organizer, and manager and imposed a four points sentencing increment.

(6) The Jury was not required to find and determine by special interrogatory and convince evidence beyond a reasonable doubt that I new that a certain persons in the conspiracy was a minor, Jury did not find that I had any involvement with them personally or in the use of those persons as couriers in the conspiracy; yet the Court imposed two points enhancement for the use of these minors in the conspiracy. Because these above facts (other than prior convictions) that increased the punishment to which I was exposed were not charged in an indictment, submitted to a Jury, and proven beyond a reasonable doubt and can not be used to impose and increase the conviction on which I was sentenced. Therefore, I ask that these sentences be vacated.

(7) I also appeal to the fairness and sympathetic understanding of this Court, and ask that it takes a fresh look at the conviction and reverse it for cause.

(A) Lack of actual participation in the said conspiracy.

(B) Paucity or lack of solid evidence to show that I was involved demonstrated in the noticed inconsistencies by the Judge in the testimonies of witnesses.

(C) The use of misleading and doubtful hypothesis that was inconsistence with the elements of conspiracy, which dangerously and indirectly orders the Jury not to look for my actual evidence of participation but a wet rain coat wore unto the inside of a building enclousure where we are sitting indicating that it was raining outside without going out to verify nor see the rain for ourselves. But the coat be deliberately douse with water to deceive us that it was raining outside using this hypothesis. So was the looking down from the three stories building and seeing people carry umbrellas hypothesis, where the Court said, we do not need to show why the people were carrying umbrellas, seeing umbrellas means it is either rain or sunshine. Though this hypothesis have the appearance of possibilities, yet not applicable to my circumstances in this case; I have no involvement, nor participation in the conspiracy. And there was no strength of evidence supporting conviction. Therefore, the Court can and should use its worthy discretion and reverse.

(D) The fact of the existence of five persons in the purported conspiracy.

(E) The identity of those persons in the conspiracy.

(F) The fact of my involvement with them was not submitted to the Jury, nor proven beyond a reasonable doubt. Again there was no strength of evidence to support this fact to sustain a conviction, therefore, the Court should reverse this conviction.

Respectfully submitted,

*[signature]*

Olabode Timothy Aransiola
Reg No. 21503-424

OlaBODE TIMOTHY ARANSIOLA
#21503-424   Cell#225  B-2
Federal Correction Institution
P.O. Box 9000
Berlin, NH.
         03570

**CERTIFIED MAIL**

7019 2280 0000 5426 2237



United States Courts
Southern District of Texas
FILED
OCT 24 2022
Nathan Ochsner, Clerk of Court



Hon. Judge Nancy Atlas
U.S. Federal Courthouse
515 Rusk Ave
Houston, TX
       77002